# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ALLEN KEITH POSEY (# 47506)**                                            **PLAINTIFF**

**v.**                                                                           **No. 4:07CV129-P-S**

**DR. KENTRELL LIDDELL, ET AL.**                                     **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Allen Keith Posey, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that his condition of rectal prolapse was initially misdiagnosed and that his treatment for the condition, including two corrective surgeries, was not effective. He alleges further that defendant Dr. Kentrell Liddell failed to arrange for the plaintiff to see a colorectal specialist after several doctors examined the plaintiff and recommended that course of action. For the reasons set forth below, all of the plaintiff's claims *except* failure of defendant Dr. Kentrell Liddell to refer the plaintiff to a colorectal specialist for surgery, after several other treating doctors recommended it, shall be dismissed for failure to state a claim upon which relief could be granted. This sole remaining claim shall proceed.

In addition, Posey has filed a motion to amend his complaint, a motion for appointment of counsel, and a motion for a preliminary injunction. For the reasons discussed below, the plaintiff's motion to amend his complaint shall be granted, and his motion to appoint counsel and motion for preliminary injunction shall be denied.

### Factual Allegations

The plaintiff began having trouble urinating sometime during the year 2000, and he began going to the clinic for treatment. The problem became worse as time progressed,

requiring regular visits to the clinic for treatment. In 2003, the plaintiff also began having painful bowel movements that felt as if his intestines were about to turn inside out. He was examined and treated repeatedly with medications for a urinary tract infection, hemorrhoid trouble, and prostate enlarged prostate. None of these treatments provided relief. The plaintiff wished to visit Dr. Bearry for an examination and possible referral for surgery. After the plaintiff filed many grievances, he finally saw Dr. Bearry, who diagnosed the plaintiff with rectal prolapse. Dr. Bearry recommended surgery to correct the problem, and after examination by the surgeon, Dr. Blake, the plaintiff underwent his first surgery to correct rectal prolapse. The surgery was not successful, and the plaintiff again suffered excruciating pain when trying to urinate or defecate. He eventually required catheterization to urinate. During the plaintiff's follow-up visits, Dr. Blake kept telling him that he would be fine. Even after the plaintiff had time to heal following the surgery, his symptoms remained.

The plaintiff went to see Dr. Bearry once more. Dr. Bearry again diagnosed the plaintiff with rectal prolapse – and again recommended surgery. The plaintiff underwent his second surgery to correct rectal prolapse. The surgery did not, however, correct the prolapse, and the plaintiff's symptoms returned.

Upon the plaintiff's third visit, Dr. Bearry diagnosed the plaintiff with rectal prolapse and referred the plaintiff to the surgeon once more. Dr. Blake, after two unsuccessful attempts to surgically correct the plaintiff's rectal prolapse, recommended that the plaintiff see a colorectal specialist.

In August 2006, the plaintiff also spoke with Dr. Robertson (whom the plaintiff contacted through the American Civil Liberties Union), and he recommended treatment by a colorectal specialist. Dr. Dennis Gregory also recommended that the plaintiff be treated by a colorectal specialist.

The plaintiff visited a general surgeon in January 2007, but the surgeon found the plaintiff's condition beyond his expertise – and recommended referral to a colorectal specialist. The plaintiff contacted Margaret Winter, an attorney with the American Civil Liberties Union, who in turn contacted Dr. Kentrell Liddel via e-mail about the six-month delay in getting the plaintiff to a colorectal specialist. Dr. Gregory then informed the plaintiff that a colorectal specialist willing to treat him could not be found within the state. On September 24, 2007, after the plaintiff filed the instant suit, he received a letter from Dr. Liddel stating that he would be seen at the Mississippi Department of Corrections specialty clinic. However, once the plaintiff arrived at the clinic, he discovered that his appointment was with a urologist, not a colorectal specialist. The urologist was unable to treat the plaintiff's rectal prolapse.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's claims regarding the slow diagnosis of his conditionmust be dismissed for failure to state a constitutional claim. The plaintiff visited the clinic many times and received treatment for the symptoms about which he complained. Prison doctor eventually diagnosed him with rectal prolapse. As discussed above, that is all the law requires. Likewise, the plaintiff can hardly argue that the defendants have not treated his rectal prolapse; indeed, in addition to numerous lesser treatments, the plaintiff has had surgery twice in an attempt to correct the condition. As such, any claims the plaintiff has made regarding treatment prior to the completion of the first two surgeries must be dismissed for failure to state a claim.

The sole remaining question is whether the decision of defendant Dr. Kentrell Liddell not to send the plaintiff to a colorectal specialist for a third surgery after several other doctors had recommended it constitutes a denial of medical care. There appears to be no binding precendent in the Fifth Circuit on this issue; however, in an unpublished opinion, the Fifth Circuit has answered the question in the negative. *Alfred v. Texas Dept. of Criminal Justice*, 80 Fed.Appx. 926 (5th Cir. 2003) (unpublished). In the absence of such binding precedent, and considering the

painful nature of the plaintiff's condition, as well as its interference with his bodily functions, the court holds that the plaintiff's sole remaining claim against Dr. Kentrell Liddell shall proceed.

## Appointment of Counsel

The plaintiff seeks appointment of counsel to represent him in the present case. There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are exceptional circumstances, a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The court may base a decision whether to appoint counsel on many factors, including:

(1) the type and complexity of the case;
(2) the indigent's ability adequately to present and investigate his case;
(3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and
(4) the likelihood that appointment will benefit the indigent, the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citation omitted); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

The court must consider the *Ulmer* factors, rather than deciding the motion in a conclusory manner. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986), The first factor is the type and complexity of the case. A thorough, liberal review and construction of the pleadings, as mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), reveals that there are no complex issues to be decided in the instant case. The claim is that defendant Dr. Kentrell Liddell failed to send the plaintiff to a colorectal surgical specialist, despite the recommendation of several other doctors. This claim involves "matters that happened to [plaintiff] personally," and there is nothing to suggest that plaintiff might not be able to represent himself adequately.

*Branum v. Chambless,* 250 Fed. Appx. 99, 104, 2007 WL 2909620, at 3 (Oct. 8, 2007). The fact that there is only one defendant remaining in the case further reduces the danger that the number of defendants might complicate the otherwise straightforward issues.

The court must consider whether the *pro se* plaintiff is capable of adequately presenting his case without the assistance of counsel. The plaintiff has demonstrated his ability to file competent pleadings with this court, including the instant motion for appointment of counsel, the complaint itself, and the amended complaint. Hence, this factor does not weigh in favor of appointment of counsel.

The court must also determine whether the *pro se* plaintiff is in a position to investigate the case adequately. The mere fact that plaintiff is incarcerated does not mean that he is unable to adequately investigate his case. *Feist*, 778 F.2d at 242-53. Likewise, the court finds that the plaintiff in the instant case has not been unduly prejudiced by his present incarceration. In a prisoner's § 1983 case such as this one, only limited discovery is allowed. The defendant has answered, and the court will enter a scheduling order providing that the plaintiff should be given access to records relating to his medical treatment for rectal prolapse. Therefore, no further investigation of the case through the discovery process will be allowed; thus, appointment of counsel would not aid the plaintiff in this aspect of his case.

Finally, the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. After a review of the pleadings, the court concludes that the plaintiff is capable of presenting his claims without the assistance of an attorney. There are no "exceptional circumstances" in this case which warrant the appointment of counsel because the crucial issues at trial will be the resolution of factual questions, such as the circumstances surrounding the alleged violation, and application of the prevailing law. The issues in this case would not be further sharpened by appointment of counsel to represent plaintiff, and the court is

confident that a just determination will be reached even though the plaintiff is required to proceed *pro se*. As such, the plaintiff's motion for appointment of counsel shall be denied.

## Motion for a Preliminary Injunction

The plaintiff has moved for a temporary restraining order or, in the alternative, for preliminary injunctive relief. The plaintiff is a state inmate currently housed at the Central Mississippi Correctional Facility and seeks an order from the court requiring the defendants to send him to a colorectal specialist to surgically correct the plaintiff's prolapsed rectum.

The plaintiff must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996). A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985))

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits of the instant motion. There is no binding precedent regarding this issue in the Fifth Circuit, and the unreported Fifth Circuit case most similar to the one at bar did not lead to the prisoner plaintiff's treatment by a specialist. *Alfred v. Texas Dept. of Criminal Justice*, 80 Fed.Appx. 926 (5th Cir. 2003) (unpublished). Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claim. For this reason, the plaintiff's motion for a temporary

restraining order or preliminary injunction shall be denied.

## Conclusion

In sum, all of the plaintiff's allegations, *except* for his claim that Dr. Kentrell Liddell failed to send his to a colorectal surgical specialist for corrective surgery, shall be dismissed for failure to state a claim upon which relief could be granted. As the court has already considered the plaintiff's proposed amended complaint, the pending motion [11] to amend the plaintiff's complaint shall be granted. Finally, as discussed above, both the plaintiff's motion [12] to appoint counsel and his motion [16] for a temporary restraining order or preliminary injunction shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of September, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE